UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JEFFREY ASKANAZI, M.D.,

      Plaintiff,

Case No. 1:07-CV-626

v.

Hon. Richard Alan Enslen

TIAA-CREF, WACOVIA BANK,
N.A., and FIFTH THIRD BANCORP,

**JUDGMENT**

      Defendants.
_____/

This matter is before the Court on Defendant Wacovia Bank, N.A.'s Motion to Dismiss Plaintiff Jeffrey Askanazi's *pro se* Complaint. Oral argument is unnecessary in light of the briefing.

This Motion seeks summary dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) due to lack of subject matter jurisdiction. Other Defendants named in the Complaint are similarly situated *vis-a-vis* Wacovia Bank, N.A.[1]

Defendant argues in its Motion that diversity jurisdiction is absent on the allegations because Plaintiff seeks recovery of only $31,073.87 of misdirected or withheld funds. Plaintiff in his Response does concur that he is relying upon jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) and believes that his damages "greatly exceed $75,000."

According to precedent, the amount in controversy alleged in a complaint will suffice unless it appears to a legal certainty that the plaintiff cannot claim the jurisdictional amount in good faith.

---

[1] Defendant Fifth Third Bancorp recently appeared but has not yet filed any dispositive motion. Defendant TIAA-CREF has not appeared, but is not likely to appear in the absence of service of process. The rationale for dismissal applies equally to these Defendants. Plaintiff has failed to state a cause of action as to any Defendant, and especially on a theory of diversity jurisdiction.

*Jones v. Knox Exploration Corp.,* 2 F.3d 181, 182 (6th Cir. 1993) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)); *Klepper v. First Am. Bank,* 916 F.2d 337, 340 (6th Cir. 1990).[2]  Notwithstanding such rule, Plaintiff's allegations in this suit do not suffice since Michigan law does not recognize "punitive damages," particularly for commercial disputes.  *See Kewin v. Mass. Mut. Life Ins. Co.,* 295 N.W.2d 50, 55 (Mich. 1980).  *See also Interkal, Inc. v. UIS, Inc.*, 1997 WL 764468, *2 (6th Cir. 1997) (unpublished); *Erdman v. Erdman*, 1999 WL 183405, *1 (6th Cir. 1999) (unpublished).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Wachovia Bank, N.A.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**, and Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** as to all Defendants.

DATED in Kalamazoo, MI:  
September 13, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]When the existence of the jurisdictional amount is disputed, plaintiff bears the burden of proof.  *See McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936).